JOHN T. GALARNEAULT v. PUBLIC EMPLOYEES RETIREMENT ASSOCIATION OF MINNESOTA.

134 N. W. (2d) 133.

March 12, 1965—No. 39,196.

*Walter F. Mondale,* Attorney General, and *William M. Serbine,* Special Assistant Attorney General, for appellant.

*Todd, McCloud & Mackey,* for respondent.

FRANK T. GALLAGHER, C.

This is an appeal from an order of the district court directing the

Public Employees Retirement Association to pay respondent his deferred annuity payments. The facts were stipulated by the parties, the stipulation being attached to the court's order.

Respondent, John T. Galarneault, was born September 23, 1899 (now 65 years of age). He served as county attorney of Aitkin County from January 1, 1931, to December 31, 1954. His service record in Public Employees Retirement Association of Minnesota, appellant, referred to hereafter as PERA, was from October 1, 1938, through and including December 31, 1954. On January 3, 1955, he made an application to retain his membership in PERA after leaving public service. He became an attorney at law and was placed on a non-employee deferred status. His contributions to PERA, including deductions from his salary from October 1, 1939, to December 1, 1954, and various nonemployee assessments from December 31, 1954, through December 31, 1959, amounted to $2,448.97. From that amount, he received a refund of assessments in the sum of $213.82 which he had paid in advance from April 24, 1959, through December 31, 1959, when nonemployee membership was abolished. This left a balance amounting to $2,235.15.

On August 7, 1959, PERA wrote respondent that if he placed his account on a deferred annuity basis he would get $94.10 a month beginning October 1, 1961, which would be the first of the month following his sixty-second birthday. Ten days later it wrote him that the $94.10 monthly payments would continue for life and if he died before $2,235.15 was paid out, his wife would receive whatever balance was left. On August 24, 1959, respondent elected to take the $94.10 a month on the deferred annuity basis to commence October 1, 1961. On August 31 thereafter he received his certificate of deferred annuity.

On September 23, 1961, at which time respondent became 62 years of age, he applied to PERA for his "retirement annuity" on its application blank and turned in his certificate of deferred annuity and other necessary papers, including his birth certificate. On that same date he wrote a letter to PERA stating that on August 13, 1958, he had been appointed a state district judge, effective September 1, 1958. He has

served since that time, having been elected to that office in November 1960.

On September 26, 1961, according to the stipulation of facts, "PERA turned him down, saying he is a 'public employee' and 'occupying a position in public office for which (he) is compensated from public funds.' " On October 21, 1961, respondent wrote PERA denying that he is a "public employee" or a "State employee" and stated that he is an "elected State officer," citing Minn. St. 353.37. On February 20, 1962, PERA informed him that on February 16 of that year the board of trustees of PERA formally denied his application for a deferred annuity and returned his certificate of deferred annuity. Based upon the files, records, proceedings, and the stipulation of facts, the trial court ordered PERA to pay respondent his deferred annuity payments as applied for on September 23, 1961. This appeal was taken from that order.

PERA assigns as error that the trial court erred in ordering that it pay respondent deferred annuity payments, asserting that this decision is contrary to law and without evidentiary support. The pertinent legal questions raised by PERA as we see them are (a) whether a nonemployee PERA member who has reentered public service as a district judge is barred from qualifying for a PERA deferred annuity and from receiving retirement payments therefor during his judicial incumbency; and (b) whether such a member on deferred status is entitled to a retirement annuity in addition to his judicial compensation.

PERA argues that respondent does not qualify for a deferred annuity because while still on deferred PERA status as a nonemployee member he became a district judge, prior to September 23, 1961, when he reached 62 years of age and first could have qualified for a deferred annuity if he had not become a "judicial officer" in "public service." It contends that respondent's temporary termination of public service when he ceased being county attorney on December 31, 1954; his nonemployee membership application, dated December 29, 1954, covering the period from December 1954 to April 23, 1959; his subsequent application to retain PERA membership as a nonemployee member; and his acceptance of deferred status from April 24,

1959, did not make him a deferred annuitant nor give him any vested right to a deferred annuity until he reached the age of 62 on September 23, 1961, at which time it concedes he could have become a deferred annuitant if he had not become a district judge prior thereto.

PERA also claims that Minn. St. 1953, §§ 353.09, subd. 3,[1] and 353.11, subd. 9,[2] the statutory provisions in effect when respondent's public service as county attorney terminated, control as to his claim for deferred annuity.

It is respondent's position that he became an elected official holding office after June 30, 1959, (he was appointed a judge effective September 1, 1958, and elected in November 1960) and therefore is

---

[1] Minn. St. 1953, § 353.09, subd. 3, provides: "*Any member who has to his credit five or more years of contributions upon termination of his public service may leave his accumulated deductions in the retirement fund and receive a deferred annuity at the time when he would have been eligible to receive a retirement annuity if he had remained a public employee* based upon the average annual salary over the period of his years of contributions already credited at the time of such termination of public service, provided that if such period exceeds 10 years of contributions it shall be based on the 10 years of contributions immediately preceding such termination. Such deferred annuity shall be in an amount bearing the same ratio to the full retirement annuity that the number of years of contributions credited at the time of his termination of public service bears to the number of years of contributions required had he continued as a public employee until eligible to receive a full retirement annuity. The provisions of section 353.11, subdivision 5, shall determine the amount of the full retirement annuity on which any deferred annuity shall be computed. *The provisions of this subdivision shall apply to a non-employee member who leaves his accumulated deductions in the retirement fund.*" (Italics supplied.)

[2] Section 353.11, subd. 9, provides: "A person otherwise eligible for retirement benefits under this chapter shall not be entitled to receive or be paid an annuity if he is receiving (1) any compensation for services performed as a public employee, a judicial officer, or as an appointed officer or employee of the state, or any agency, board or commission thereof; or (2) any other retirement benefit or pension authorized by law for public employees or state employees, if any period of public service required for benefits under this chapter is also a requisite in establishing eligibility for such other retirement benefits or pension."

entitled by Minn. St. 353.37 to hold his office as district judge and also to receive the annuity which would otherwise have been paid to him from PERA from and after July 1, 1959.

The legislature by Ex. Sess. L. 1961, c. 87, § 1, enacted an amendment to this section, approved June 7, 1961, which read in part as follows: ·

"* * * Any *elected* official holding office after June 30, 1959 shall be entitled to hold such office and receive his annuity otherwise payable from the Public Employees Retirement Association from and after July 1, 1959." (Italics supplied.)

The above-quoted part was again amended by L. 1963, c. 641, § 31, approved May 13, 1963, to read as follows:

"* * * Any annuitant of the association [PERA] who is elected to public office after his retirement following June 30, 1959 shall be entitled to hold such office and receive his annuity otherwise payable from the Public Employees Retirement Association from and after July 1, 1959."

An annuitant has been defined as "[t]he recipient of an annuity; one who is entitled to an annuity." Black, Law Dictionary (4 ed.) p. 116.

It is undisputed that Minn. St. 1953, § 353.11, subd. 9, the law in effect at the time respondent terminated his services as county attorney in December 1954, provided that any person otherwise eligible for retirement benefits under that chapter would not be entitled to receive or be paid an annuity if he was receiving any compensation for services performed as a judicial officer. However, that law was repealed in 1957. L. 1957, c. 935, § 27. Subsequently, in 1961, § 353.37 was amended to permit any elected official holding office after June 30, 1959, to hold such office and to also receive his annuity otherwise payable by PERA after July 1, 1959. Respondent is an elected official holding office after June 30, 1959, having been elected district judge in November 1960 and still holding that office. It is therefore our opinion that under the 1961 and 1963 amendments referred to above he is entitled to hold such office and also to receive his annuity from PERA, commencing October 1, 1961.

It seems clear to us that it was the intention of the legislature in passing those amendments to provide that an elected official, holding office after June 30, 1959, as respondent does in this case, is entitled to hold his office and also to receive his annuity.

Here, we have a situation where respondent had deductions made from his salary as county attorney for more than 15 years; had paid various nonemployee assessments; had placed his account on a deferred annuity basis in the belief that he would receive $94.10 per month for life after reaching age 62; and appears to have kept the association informed as to his status. We believe that under the circumstances here he is both legally and equitably entitled to receive his annuity and that the order of the district court should be affirmed.

Affirmed.